UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | Case No. 13-25077 |
| National Telerep Marketing Systems, LTD | ) | Hon. Janet S. Baer |
| | ) | |
| Debtor. | ) | Hearing Date: December 4, 2013 |

**ORDER PURSUANT TO 11 U.S.C. §§ 105 AND 363 AND
FED. R. BANKR. P.6004 (I) AUTHORIZING AND APPROVING
THE SALE OF ASSETS OF NATIONAL TELEREP MARKETING SYSTEMS, LTD
FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES,
AND INTERESTS AND (II) RELATED RELIEF**

A.  Upon the Court's consideration of **(I)** the motion (the "Motion") filed on August 14, 2013, by National Telerep Marketing Systems, LTD (the "Debtor"), the debtor and debtor in possession in the captioned chapter 11 case (the "Case") pursuant to 11 U.S.C. §§ 105 and 363, for entry of an order (A) approving the bidding procedures (the "Bidding Procedures") used to conduct the Auction (as defined below); (B) authorizing the procedure used to provide notice of the assumption and assignment of executory contracts and unexpired leases ("Contracts") and approving the Debtor's assumption and assignment of the Contracts; and (C) authorizing the sale of substantially all of the Debtors assets to Michael Procaccini or his assignee ("Purchaser"), free and clear of liens, claims, encumbrances, and interests and upon the other terms and conditions set forth in the Motion, **(II)** the matters presented to the Court at various hearings held on the Motion, including a hearing on December 4, 2013, at which evidence was presented regarding various matters (the "Sale Hearing") to consider the approval of the proposed sale of the Sale Assets (as defined in the Asset Purchase Agreement, as amended, appended to the Motion, the "APA") to Purchaser and related transactions pursuant to the terms of the APA substantially in the form annexed to this order (the "Sale" and this Order, the "Sale Order") and

(III) any objections to the entry of the Sale Order, and the arguments of counsel and evidence adduced relating to the Motion; and upon the record of the Sale Hearing and the full record of the Case; and it appearing that the relief requested in the Motion is in the best interest of the Estate, its creditors and other parties in interest; and after due deliberation; and good and sufficient cause being shown.

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A. The finding and conclusions set forth in this Sale Order and those that the Court read into the record on December 10, 2013, constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

B. The Court has jurisdiction over the Motion and the transactions contemplated by the APA pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A),(N) and (O). Venue in this District is proper under 28 U.S.C. §§ 1408 and 1409.

B. Good and sufficient notice of the Motion, with the relief sought therein, and the Sale has been given. The Court further finds that the notice of the Sale was published in the Sunday Chicago Tribune and notice was provided to businesses that are engaged in the same business as the Debtor.

C. A sound business purpose justifies the Sale of the Sale Assets. In the absence of the Sale to the Purchaser, the recovery to the Debtor's bankruptcy estate (the "Estate") is likely to be less than the recovery the Estate will realize if the Sale is completed. The evidence indicated that the recovery in the event of a liquidation would be approximately $150,000 and

that absent the Sale, Signature Bank (the "Bank") would likely obtain stay relief and foreclose upon the Sale Assets.

D. The bid procedures, as amended, established bid deadlines for interested parties to submit a bid to acquire the Sale Assets, including a deadline of November 6, 2013, for John Sammarco to submit a bid, and no entity other than Purchaser submitted a bid to acquire the Sale Assets.

E. The highest and best bid for the Sale Assets was submitted by the Purchaser. Pursuant to that bid (the "Winning Bid"), the Purchaser has agreed to pay the Debtor's bankruptcy estate $200,000 in cash and to assume not less than $494,000 (after payment of the $100,000 by Debtor from the sale proceeds pursuant to the APA) of the debt owed to the Bank pursuant to that certain promissory note dated February 12, 2008 (the "NTMS Note") in the original principal amount of $600,000 made by the Debtor to the Bank (the "Assumed Loan"). Additionally, the Bank has consented to the assumption of this debt by the Purchaser on the condition that the Debtor use $100,000 of the sale proceeds to pay down that debt. The Debtor has agreed that it will pay this $100,000 to the Bank from the sale proceeds on the condition that (i) the Bank consent to the terms of the Sale set forth herein, (ii) the Bank agrees that the outstanding principal and interest under the NTMS Note to be assumed by the Purchaser (after the application of this $100,000 payment) is no greater than $594,000 , (iii) the Bank waives any further right of recovery from the Estate, including any related to the NTMS Note or that certain promissory note dated August 11, 2008 in the original principal amount of $700,000 made by David Dini, Laura Dini and the Laura Dini Trust to the Bank (the "Dini Note"), and (iv) the Bank files an amended proof of claim indicating that it is not seeking any further recovery from the Estate on account of either the NTMS Note or the Dini Note upon the Bank's receipt of the

$100,000 payment from the sale proceeds. Based upon the testimony of its representative, the Court finds that the Bank has agreed to the actions set forth in this paragraph.

F.    The consideration to be provided by the Purchaser pursuant to the APA (i) is fair and reasonable; (ii) is the highest and otherwise best offer for the Sale Assets; and (iii) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and the Uniform Fraudulent Conveyance Act (7A part II, U.L.A. 2 (1999)) or the Uniform Fraudulent Transfer Act (7A part II, U.L.A. 66 (1999) or any similar laws of any state or other jurisdiction whose law is applicable to the contemplated transactions; and (iv) will provide a greater recovery for the Estate, creditors, and interested parties than would be provided by any other practically available alternative.

G.    Entry into the APA and consummation of the transactions contemplated thereby constitute the exercise of the Debtor's sound business judgment and fiduciary duties and such acts are in the best interest of the Debtor, the Estate, and its creditors.

H.    The transactions contemplated by the APA and this Order are undertaken by the Debtor and the Purchaser at arms' length, without collusion and in good faith within the meaning of section 363(m) of the Bankruptcy Code and as such, the Purchaser is entitled to all the protections afforded by section 363(m) and otherwise has proceeded in good faith in all respects in connection with this proceeding in that (i) the Purchaser recognized that the Debtor was free to deal with any other party interested in acquiring the Sale Assets; (ii) the Purchaser did not in any way induce or cause the chapter 11 filing of the Debtor; (iii) the Purchaser made the highest and best bid for the Sale Assets after competitive bidding and (iv) the negotiation and execution of the APA and any other agreements or instruments related thereto was in good faith and an arms' length transaction between the Purchaser and the Debtor.

I. The Debtor and the Purchaser have not engaged in any conduct that would permit the APA or the Sale to be avoided under section 363(n) of the Bankruptcy Code.

J. The Sale complies with section 363(f) of the Bankruptcy Code with respect to all parties asserting Liens (defined below), Claims (defined below), encumbrances and interests in, to, or against the Sale Assets. For purposes of this order, the term "Lien" shall mean any and all mortgages, security interests, liens, ownership interests and like interests of every type or nature, in or on any of the Sale Assets, including interests that secure any obligation; and "Claim" shall mean any and all claims, causes of action, costs, liabilities, rights to payment of any type or nature, however and whenever arising (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated), including without limitation any and all (i) environmental, tort, and any successor liability claims of every type or nature, and (ii) all "claims" as defined in Section 101(5) of the United States Bankruptcy Code, 11 U.S.C. §101 et. seq.

K. Good and sufficient notice of the Auction, the opportunity to acquire the Sale Assets, the possible transfer, assumption and assignment of the Assigned Contracts (as defined below) has been given to all entities entitled to such notice and no other or further notice is required. A reasonable opportunity to object or be heard has been offered to such parties.

L. The procedures described in the Motion and employed by the Debtor to sell the Sale Assets, including the procedures allowing for competitive bidding at an Auction, were sound, reasonable and are approved in all respects.

M. Upon entry of this Sale Order, the Debtor shall have full power and authority to consummate the Sale contemplated by the APA. The APA and the Sale have been

duly and validly authorized by all necessary action of the Debtor and no additional action is required to authorize the Debtor to consummate such Sale or the other transactions contemplated in the APA.

N.  Cause has been shown as to why this Sale Order should not be subject to the stay provided by Bankruptcy Rules 6004 and 6006.

O.  The entry of this Sale Order is in the best interests of the Debtor, its creditors and the Estate, and other parties in interest.

**NOW THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion, the APA, and the transactions contemplated thereby shall be, and hereby are, granted and approved in all respects as modified by this Sale Order.

2. Any and all objections to the Motion, the APA, and the transactions contemplated thereby have been withdrawn or overruled.

3. The Debtor is authorized to close, consummate and comply with the APA and all other agreements and documents related to and contemplated thereby (collectively, the "Sale Documents"), which Sale Documents hereby are authorized and approved in all respects and to execute such other documents and take such other actions as are necessary or appropriate to effectuate the APA and the sale of the Sale Assets to Purchaser or his nominee.

4. All objections and responses to the Motion are hereby resolved in accordance with the terms of this Sale Order and as set forth in the record at the Sale Hearing. To the extent such objections or responses were not otherwise overruled, withdrawn, waived, settled or resolved, they, and all reservations of rights included therein, are hereby overruled and denied.

5. The Purchaser's offer for the Sale Assets, as embodied in the APA, is the highest and best offer for such Sale Assets, and is hereby approved.

6. Subject to the payment of the consideration provided for in the APA to the Debtor by the Purchaser pursuant to sections 363 and 365(a) of the Bankruptcy Code, the Sale of the Sale Assets by the Debtor to the Purchaser shall constitute a legal, valid, and effective transfer of the Sale Assets and shall vest exclusively in the Purchaser all right, title and interest of the Debtor in and to all of the Sale Assets free and clear of all Liens, Claims, encumbrances and interests pursuant to section 363(f) of the Bankruptcy Code, effective as of the closing of the APA (the "Closing").

7. To the greatest extent available under applicable law, and excluding the Excluded Property, the Purchaser shall be authorized, as of the Closing date, to operate under any license, permit, registration and governmental authorization or approval of the Debtor with respect to the Sale Assets, and all such licenses, permits, registrations and governmental authorizations and approvals are deemed to have been, and hereby are, authorized to be transferred to the Purchaser as of the Closing. Pursuant to section 525 of the Bankruptcy Code, no governmental unit may revoke or suspend any permit or license relating to the operation of the Sale Assets sold, transferred or conveyed to the Purchaser on account of the filing or pendency of the chapter 11 cases or the consummation of the transaction contemplated by the APA.

8. Pursuant to section 363(f) of the Bankruptcy Code, the Sale of the Sale Assets to Purchaser shall be free and clear of all Liens, Claims, encumbrances and interests and all liabilities of the Debtor whether known or unknown, including, but not limited to, Liens, Claims, encumbrances and interests asserted by any of the Debtor's creditors, vendors, suppliers, employees, executory contract counterparties, or lessors, other than Signature Bank's lien on such of the sale assets as are pledged to secure the Assumed Loan. Except for the liabilities expressly assumed pursuant to the APA and this Order, the Purchaser shall not be liable in any

way for any debts or claims that any of the foregoing parties or that any other third party presently has or in the future may have against the Debtor. Any and all valid and enforceable Liens, Claims, encumbrances and interests on, against or in the Sale Assets shall not in any way encumber or apply to the Sale Assets or Purchaser from and after the Closing and instead shall be transferred, affixed, and attached exclusively to the net proceeds of the Sale with the same validity, priority, force and effect such Liens, Claims, encumbrances and interests had on the Sale Assets immediately prior to the Sale and subject to the rights, claims, defenses, and objections, if any, of the Debtor and all interested parties with respect to any such asserted Liens, Claims, encumbrances and interests. The Sale of the Sale Assets to the Purchaser shall vest the Purchaser with all the right, title and interest of the Debtor to the respective Sale Assets free and clear of Liens, Claims, encumbrances and interests.

9. Pursuant to sections 105(a), and 363 of the Bankruptcy Code, all persons and entities, including, without limitation, the Debtor, the Debtor's affiliates, all debt security holders, equity security holders, the Debtor's employees or former employees, governmental, tax, and regulatory authorities, lenders, parties to or beneficiaries under any benefit plan, trade and other creditors asserting or holding any Liens, Claims, encumbrances and interests, in or with respect to the Debtor or the Sale Assets (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated), arising under or out of, in connection with, or in any way relating to the Debtor, the Sale Assets, the operation of the Debtor's business prior to the Closing date under the APA or the transfer of the Sale Assets to the Purchaser, shall be forever barred, estopped, and permanently enjoined from asserting, prosecuting or otherwise pursuing such Liens, Claims, encumbrances and interests against the Purchaser or any of its affiliates, successors or assigns thereof and each of their respective

current and former members, officers, directors, managed funds, investment advisors, attorneys, employees, partners, affiliates and representatives (each of the foregoing in its individual capacity), or the Sale Assets (other than certain limited payroll liabilities expressly assumed by Purchaser as part of the Purchase Price in the APA), including claims under section 365(n) of the Bankruptcy Code against the Purchaser with respect to the Sale Assets.

10. The provisions of this Sale Order authorizing the sale of the Sale Assets free and clear of Liens and Claims, shall be self-executing, and neither the Debtor nor the Purchaser shall be required to execute or file releases, termination statements, assignments, consents, or other instruments to effectuate, consummate, and implement the provisions of this Sale Order. However, the Debtor and the Purchaser, and each of their respective officers, employees, and agents, are authorized and empowered to take all actions and execute and deliver any and all documents and instruments that either the Debtor or the Purchaser deem necessary or appropriate to implement and effectuate the terms of the APA and this Sale Order.

11. The Purchaser is a good faith purchaser entitled to the benefits and protections afforded by section 363(m) of the Bankruptcy Code; accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale of the Sale Assets shall not affect the validity of the Sale of the Sale Assets to the Purchaser (including with respect to the transfer of the Assigned Contacts assigned as part of the Sale of the Sale Assets pursuant to section 365 of the Bankruptcy Code and this Sale Order).

12. This Court shall retain exclusive jurisdiction to interpret and enforce the provisions of the APA and this Sale Order in all respects; ***provided, however***, that in the event the Court abstains from exercising or declines to exercise such jurisdiction or is without jurisdiction with respect to the APA and this Sale Order, such abstention, refusal, or lack of

jurisdiction shall have no effect upon, and shall not control, prohibit or limit the exercise of jurisdiction of any other court having competent jurisdiction with respect to any such matter.

13. The APA and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by such parties, in accordance with the terms thereof without further order of the Court.

14. To the extent of any inconsistency between the provisions of this Sale Order and the APA, or any documents executed in connection therewith, the provisions contained in this Sale Order shall govern.

15. Because time is of the essence, this Sale Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing. The stay of orders authorizing the sale, use, or lease of property of the estate, as set forth in Bankruptcy Rule 6004(h) is hereby annulled and rendered inapplicable to the Sale, the Closing, this Sale Order and all of the transactions contemplated thereby. This Order is a final order under 28 U.S.C. sections 157 and 158.

DATED: 12/19/13

ENTER:

_____
United States Bankruptcy Judge